**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LOUIE SALOMÉ SANCHEZ JR.,

    Plaintiff,

vs.                                        No. CV 19-00425 DHU/KBM

SAN JUAN COUNTY ADULT DETENTION
FACILITY, WARDEN HAVEL,
SAN JUAN REGIONAL MEDICAL CENTER,
NURSE KAMMY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights (Doc. 1) filed by Plaintiff Louie Salomé Sanchez Jr. The Court will dismiss the Complaint and will grant Plaintiff Sanchez leave to file an amended complaint within 30 days.

### I. Factual and Procedural Background

Plaintiff Louie Salomé Sanchez Jr. is a prisoner incarcerated at the Guadalupe County Correctional Facility. (Doc. 1 at 2). He filed his Complaint for Violation of Civil Rights ("Complaint") on May 6, 2019. (Doc. 1). Plaintiff names as Defendants the San Juan County Adult Detention Facility, Warden Havel, the San Juan County Regional Medical Center, and Nurse Kammy. (Doc. 1 at 1-3). He asserts claims for violation of his civil rights against state or local officials under 42 U.S.C. § 1983. (Doc. 1 at 3).

In his Complaint, Plaintiff Sanchez alleges that, while incarcerated at San Juan County Adult Detention Center on March 16, 2016:

1

> "I woke up to morning medline and was given the wrong medication by Nurse Kammy. I lost consciousness around that time because of whatever I was given." (Doc. 1 at 5).

> "Later that morning during lunch at my door the officer found me unconscious and was unable to regain conciousness and was taken to the hospital where they were able to save my life." (Doc. 1 at 4).

Plaintiff also claims that he filed a grievance with the San Juan County Jail:

> "I was not given the opportunity to appeal on the two most important ones because you first have to be given a response before you can appeal. (Doc. 1 at 7).

> "I feel my rights were also violated because I was not given the opportunity to appeal the matter." (Doc. 1 at 8).

Plaintiff seeks an award of damages in the amount of $750,000 "because I feel that I will never be able to hold a job and provide for my self ever again." (Doc. 1 at 5).

## II. Dismissals for Failure to State a Claim

Plaintiff Sanchez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th

2

Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d

124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III.  ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Sanchez's claims are brought under 42 U.S.C. § 1983.  (Doc. 1 at 1-2). The exclusive remedy for vindication of constitutional violations is under § 1983.  *See*, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against

4

him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

### A. The Detention Facility is Not a Person or a Suable Entity:

Plaintiff names the San Juan County Adult Detention Facility as a Defendant. (Doc. 1-2). As a general rule, "a detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014) A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016). *See Wishneski v. Lea Cty. Det. Ctr.*, 2012 WL 1688890, at *2 (D.N.M. 2012) (holding that "a detention facility is not a person or legally created entity capable of being sued"); *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017).

San Juan County Adult Detention Facility is not an entity capable of being sued under § 1983. The Complaint fails to state a claim for relief against San Juan County Adult Detention Facility.

### B. The Complaint Does Not State a Claim Against Warden Havel:

Plaintiff's Complaint also identifies Warden Havel as a Defendant. (Doc. 1 at 2). The Complaint makes no allegations against Warden Havel other than identifying him as a Defendant. The Complaint does not allege that Warden Havel, through his own individual actions, violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. at 676. Plaintiff does not allege that Warden Havel had any personal involvement in any alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d at 1162. Nor may Warden Havel be held vicariously liable for the actions of any other

official. *Ashcroft v. Iqbal,* 556 U.S. at 676. The Complaint does not state any claim for § 1983 relief against Warden Havel.

### C. There are no Allegations of Wrongdoing by San Juan Regional Medical Center:

Plaintiff also names San Juan Regional Medical Center as a Defendant. (Doc. 1 at 1, 3). Plaintiff's Complaint, however, states he "was taken to the hospital where they were able to save my life" and "I did receive good medical treatment at the hospital when they saved my life." (Doc. 1 at 4-5). Plaintiff's allegations that San Juan Regional Medical Center saved his life and gave him good medical treatment do not state any claim for deprivation of civil rights under § 1983. *Trask v. Franco*, 446 F.3d at 1046.

Plaintiff Sanchez may be attempting to allege that Nurse Kammy was an employee of San Juan Regional Medical Center and that the Medical Center should be held liable for Nurse Kammy's actions. However, as is set out in part III.D, below, the Complaint does not state any constitutional claim for relief against Nurse Kammy. Nor does Plaintiff claim that San Juan Regional Medical Center should be held liable under § 1983 because Nurse Kammy's actions violated a custom or policy of San Juan Regional Medical Center. *Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 691 (1978). The Complaint does not state a § 1983 claim against San Juan County Regional Medical Center.

### D. The Complaint Does Not State an 8th Amendment Claim:

Last, Plaintiff names "Nurse Kammy" as a Defendant. (Doc. 1 at 3). He alleges that during the morning "medline" he was given the wrong medication by Nurse Kammy. (Doc. 1 at 5). He claims that the constitutional right that was violated was his "right to be given the proper medication at a state facility." (Doc. 1 at 3). Although he does not mention the 8th Amendment,

claims of inadequate medical care while incarcerated are generally treated as 8th Amendment claims for cruel and unusual punishment.

The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for inadequate medical treatment involves a two-pronged inquiry, comprised of an objective component establishing the existence of a serious medical need and a subjective component showing deliberate indifference to the prisoner's medical need. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of

treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The allegations of the Complaint do not state a plausible claim that Nurse Kammy or any other official was deliberately indifferent to Sanchez's medical needs. *Twombly,* 550 U.S. at 570. First, the Complaint does not identify what medication Sanchez claims he should have received or what condition the medication was intended to treat. Nor does he specify what medication he incorrectly given by Nurse Kammy. It is unclear from the Complaint what serious medical need Plaintiff Sanchez is claiming. For purposes of this Memorandum Opinion and Order, the Court assumes that his being rendered unconscious by a wrong medication constitutes the serious medical need. *Ramos v. Lamm,* 639 F.2d at 575.

Assuming that the first prong is met, the Complaint fails to establish the second, subjective, component of deliberate indifference. *Hunt v. Uphoff*, 199 F.3d 1224. Plaintiff only alleges that Nurse Kammy gave him the wrong medication. (Doc. 1 at 5). He does not allege that she acted with any culpable intent or was deliberately indifferent to his medical needs. *Farmer v. Brennan*, 511 U.S. at 834. To the contrary, the allegations, at most, are of negligent or accidental failure to give Plaintiff the proper medication. *Estelle*, 429 U.S. at 105-06. Any claims for medical negligence are more properly brought in state court under state law, rather than as constitutional claims in federal court. The Complaint does not state an 8th Amendment claim against Nurse Kammy. *Howard v. Waide*, 534 F.3d at 1235; *Estelle v. Gamble*, 429 U.S. at 105.

Nor does the Complaint state any 8th Amendment claim against the unnamed officer who allegedly found the unconscious Plaintiff. (Doc. 1 at 4). The Complaint contends that the officer found Plaintiff during lunch and Plaintiff "was taken to the hospital where they were able to save my life." (doc. 1 at 4). The allegations of the Complaint are not allegations of any deliberate

9

indifference by the officer and do not state any 8th Amendment claim against the unnamed official. *Farmer v. Brennan*, 511 U.S. at 834.

### E. Grievance Procedures Not a Constitutional Violation:

Plaintiff Sanchez also claims that his rights were violated because he was not given the opportunity to appeal his prison grievances. (Doc. 1 at 8). He alleges that on his "last two more detailed grievances I was given no response . . .I was not given the opportunity to appeal on the two most important ones because you first have to be given a response before you can appeal." (Doc. 1 at 7). It is unclear whether Plaintiff makes these statements solely in response to questions about exhaustion of remedies or whether he is seeking to raise an additional constitutional claim. However, even if he does seek to assert a constitutional right, Plaintiff's allegations do not state a claim for relief because "[t]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished).

A viable due process claim cannot rest on allegations of an unfair or inadequate grievance process. *See Von Hallcy v. Clements*, 519 F. App'x 521, 524 (10th Cir. 2013) (unpublished) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. 2011) (unpublished) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x 905, 906-07, 909 (10th Cir. 2005) (unpublished) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure). Burnett *v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017).

Nor do Prison grievance procedures create a protected liberty interest and, as a consequence, do not implicate a prisoner's due process rights. *See Murray v. Albany County Bd.*

*of County Comm'rs,* No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr.20, 2000) (unpublished op.) ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993)); *Anderson v. Colorado Dep't of Corrections,* No. 98-1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) (unpublished op.) (holding that a state inmate's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner"). *Johnson v. Richins,* No. 2:08-CV-945 CW, 2010 WL 3121144, at *7 (D. Utah Aug. 9, 2010), aff'd, 438 F. App'x 647 (10th Cir. 2011).

The alleged lack of a response and resulting lack of opportunity to appeal Plaintiff's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis,* 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango v. Jurich,* 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment).

Prison grievance procedures are a procedural right, only, and do not confer any substantive right upon an inmate. Grievance Procedures do no give rise to a protected liberty interest requiring the procedural protections of the fourteenth amendment. *Buckley,* 997 F.2d at 495 (quoting *Azeez v. DeRobertis*, 568 F.Supp. 8 (N.D. Ill. 1982)); *see also Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). Therefore,

to the extent Plaintiff Sanchez complains that his grievances were improperly handled in violation of his right to due process, he fails to state a claim upon which relief may be granted. *Boyd v. Werholtz*, 443 F. App'x at 332.

### G. The Complaint May be Barred by the Statute of Limitations 1983:

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012). The applicable statute of limitations for Sanchez's claims under § 1983 is the three-year statute of limitations of § 37-1-8.

Plaintiff's Complaint alleges that the incident underlying his claims occurred on March 16, 2016. (Doc. 1 at 5). The Complaint was not filed until almost three years and two months later, on May 6, 2019. (Doc. 1 at 1). The Court is not dismissing Plaintiff's claims on statute of limitations grounds at this point. However, the Court notifies Plaintiff that, on the face of his Complaint, it appears his claims may be barred by the three-year statute of limitations. *Varnell,* 756 F.3d at 1216; *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (complaint may be subject to dismissal based on affirmative defense appearing on the face of the complaint).

### IV. The Court Will Grant Leave to Amend

Sanchez's Complaint fails to state a sufficient § 1983 claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Sanchez an opportunity to amend

to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Sanchez that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Sanchez of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. Plaintiff may also name an entity defendant in his amended complaint. However, he must name a proper entity defendant, not one that is neither a person nor a suable entity. Last, Plaintiff's amended complaint should address whether Plaintiff's claims were filed within the three-year statute of limitations period and, if not, why the untimely filing should be excused.

The Court will Order Sanchez to amend the Complaint to allege any claims he believes he may have consistent with the requirements of Fed. R. Civ. P. 8 and 11(b) and this Memorandum Opinion and Order. Sanchez must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Complaint for Violation of Civil Rights filed by Plaintiff, Louie Salomé Sanchez Jr. (Doc. 1) is **DISMISSED** for failure to state a claim on which relief can be granted; and

(2) Plaintiff Sanchez is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

UNITED STATES DISTRICT JUDGE